NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-194

PATRICK LOUIS

vs.

LEGAL SEA FOODS, LLC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Before us is the appeal of plaintiff Patrick Louis from the denial in the Superior Court of his motion brought under Rule 60 (b) of the Massachusetts Rules of Civil Procedure, 365 Mass. 828 (1974), seeking relief from the summary judgment entered in this matter.  The plaintiff filed no opposition to the motion for summary judgment, and it was allowed as unopposed.  Summary judgment entered against the plaintiff on March 3, 2020.  The plaintiff did not appeal.  On February 26, 2021, the plaintiff served his rule 60 (b) motion.  He argued that he did not receive the motion for summary judgment, although the certificate of service stated that it was mailed to a proper address for him.  He also argued that the defendant did not "meet and confer" prior to the filing of the motion for summary judgment.

After hearing, the motion judge denied the rule 60 (b) motion. The judge did not credit the plaintiff's assertion that he did not receive the summary judgment motion and attachments, and the judge found that the service of the motion and accompanying papers complied with Mass. R. Civ. P. 5 (b), as amended, 488 Mass. 1402 (2021), and that prior to filing the summary judgment motion, counsel for the defendant sent two e-mail messages to the plaintiff informing the plaintiff of the defendant's intent to file a summary judgment motion and seeking a rule 9C conference. See Rule 9C of the Superior Court (2018). The plaintiff did not respond. The judge also found that the plaintiff, having himself filed a summary judgment motion that was denied, was well aware of the procedure for filing a summary judgment motion and chose to ignore the defendant's motion when filed.

The judge also found that the delay of a year in bringing the rule 60 (b) motion was unacceptable, where the plaintiff did not provide any reason for the delay.

We review the denial of the rule 60 (b) motion for abuse of discretion. A rule 60 (b) motion must be brought "within a reasonable time." Whether viewed as a motion under rule 60 (b) (3) for fraud, which may not be brought more than one year after the entry of judgment, see Mass. R. Civ. P. 60 (b), or under rule 60 (b) (4), alleging that the judgment was void,

2

the motion had to be brought within a reasonable time.  Given the judge's findings about the plaintiff's knowledge of the summary judgment motion, we see no abuse of discretion in the judge's determination that waiting almost a year to bring the rule 60 (b) motion was not within a reasonable time.  Even if we were to leave aside the judge's findings about the plaintiff's knowledge of the motion, the plaintiff has conceded that, on March 6, 2020, a few days after the entry of the summary judgment, he received notice that judgment had entered.  Given this, and the absence of any explanation for the delay, even if the plaintiff had not known about the motion when it was filed or ruled upon, where he failed to take any action for almost a year, without explanation, there is no error in the conclusion that the rule 60 (b) motion was not "made within a reasonable time."  Mass. R. Civ. P. 60 (b).

For this reason alone, the order denying the rule 60 (b) motion is affirmed.

So ordered.

By the Court (Rubin, Neyman & Walsh, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered:  December 11, 2023.

---

[1] The panelists are listed in order of seniority.